UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VERONICA G.,[1]
Plaintiff,
-against-
COMMISSIONER OF SOCIAL SECURITY,[2]
Defendant.

25-CV-5692 (RFT)

**ORDER**

This case is before me on consent for all purposes under 28 USC § 636(c). Plaintiff Veronica G. seeks judicial review of a final determination by the Commissioner of the Social Security Administration (the "SSA"), denying her application for social security disability benefits ("SSD") under the Social Security Act (the "Act"). Plaintiff, a 40-year-old woman whose last work was at a supermarket, has moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, seeking reversal of the Commissioner's decision and remand for further administrative proceedings. (ECF 14, Pl.'s Notice of Mot. for J. on the Pleadings; ECF 15, Pl.'s Mem. in Supp. of J. on the Pleadings ("Pl.'s Mem.").) The Commissioner filed a brief in opposition. (ECF 17, Comm'r's Mem. in Opp. to Mot. for J. on the Pleadings (Comm'r's Mem.").).) Plaintiff filed a reply. (ECF 18, Pl.'s Repl. in Further Supp. of Mot. for J. on the Pleadings ("Pl.'s Repl.").)

Plaintiff argues that: 1) the ALJ improperly found that the opinion of Plaintiff's treating medical provider was unpersuasive; 2) the ALJ failed adequately to develop the record after

[1] To preserve her privacy, Plaintiff is referred to by her first name and the first initial of her last name.

[2] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank J. Bisignano is substituted as the defendant in this action.

finding the sole treating practitioner's opinion to be unpersuasive; 3) the ALJ's implicit conclusion about the time Plaintiff was likely to be off-task or absent was not supported by substantial evidence; and 4) the vocational expert's testimony did not constitute substantial evidence of jobs Plaintiff could perform in the national economy because the testimony was premised on hypotheticals involving a person who would not be off-task more than 15 percent of the time and would not be absent more than once a month, even though there was no substantial evidence supporting a conclusion that Plaintiff could be on-task at least 85 percent of the time and could limit her absences to one per month or fewer. (*See* ECF 15, Pl.'s Mem. at 17-25.)

The Commissioner counters that that "the record [ ] is replete with evidence from treatment notes as well as consultative examiner and State agency psychological consultant opinions showing that Plaintiff did not require any absences/time off task as part of her RFC." (ECF 17, Comm'r's Opp. at 16-17.)[3]

I held oral argument remotely on September 2, 2026. For the reasons set forth on the record, I conclude that:

1) The ALJ failed adequately to develop the record after finding the sole treating practitioner's opinion to be unpersuasive. *See, e.g.*, *Rosario v. Comm'r of Soc. Sec*., No. 20-CV-7749 (SLC), 2022 WL 819810, at *6 (S.D.N.Y. Mar. 18, 2022) (discussing an ALJ's obligation to develop a complete record in making a determination and the options available to resolve gaps or ambiguities, including recontacting medical sources and requesting additional records);

[3] Unless otherwise indicated, this order omits internal quotation marks, citations, and alterations from quoted text.

*Romero v. Comm'r of Soc. Sec.*, No. 18-CV-10248 (KHP), 2020 WL 3412936, at *12 (S.D.N.Y. June 22, 2020) (holding that a matter should be remanded where an obvious gap in the record can be addressed by seeking a functional assessment from a treating physician.); *Newton v Berryhill*, No. 18-CV 1244 (MPS), 2019 WL 4686594, at *2 (D. Conn. 2019) (finding that a treating physician's statements warranted further inquiry due to a lack of medical evidence covering the relevant period); *Dufresne v. Astrue*, No. 12-CV-0049 (MAD) (TWD), 2013 WL 1296376, at *5 (N.D.N.Y. Mar. 8, 2013) (citing *Hankerson v. Harris*, 636 F.2d 893, 897 (2d Cir. 1980) and noting that, "[i]f a gap exists in the administrative record[,] then the plaintiff has not been afforded a full and fair hearing and the ALJ has failed in his or her duty to develop the administrative record."), *adopted by* 2013 WL 1289759 (N.D.N.Y. Mar. 27, 2013).

2) The ALJ's implicit conclusion about the time Plaintiff was likely to be off-task or absent was not supported by substantial evidence, and that this error was not harmless. *See, e.g.*, *Jose S. v. Comm'r of Soc. Sec.*, No. 24-CV-3667 (OTW), 2025 WL 2717389, at *7 (S.D.N.Y. Sept. 24, 2025) ("[T]he Second Circuit has frequently cautioned that ALJs should not rely heavily on the findings of consultative physicians after a single examination.") (quoting *Estrella v. Berryhill*, 925 F.3d 90, 98 (2d Cir. 2019)); *Nilka M.E. v. Comm'r of Soc. Sec.,* No. 24-CV-7087 (GRJ), 2025 WL 2505465, at *5 (S.D.N.Y. Sept. 2, 2025) (explaining that the ALJ must consider treating sources' statements as relevant medical evidence and explain their impact on the RFC); *Marinix R. v. Comm'r of Soc. Sec.*, No. 23-CV-08071 (GRJ), 2024 WL 4579477, at *4 (S.D.N.Y. Oct. 25, 2024) (quoting *Flynn v. Comm'r of SSA,* 729 F. App'x 119, 122 (2d Cir. 2018) and explaining that, although the "treating physician's rule" no longer applies, it remains

true that "opinions of treating providers are particularly probative in claims involving mental health" because anxiety and depression are not "susceptible to clear records such as x-rays or MRIs" and depend on "what the patient says in consultations"); *Nicholas Anthony T. v. Comm'r of Soc. Sec.*, No. 22-CV-10597 (GRJ), 2023 WL 6211844, at *4 (S.D.N.Y. Sept. 25, 2023) (explaining that the treating physician is the "medical professional most able to provide a detailed, longitudinal picture of Plaintiff's medical impairments, with a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations"); *Bodden v. Colvin*, No. 14-CV-8731 (SN), 2015 WL 8757129, at *9 (S.D.N.Y. Dec. 14, 2015) (explaining that, because of the cyclical nature of mental health impairments, exacerbated by stressors, a complete picture of a claimant's mental health "cannot be readily achieved by a single consultative examination").

3) The vocational expert's testimony did not constitute substantial evidence of jobs Plaintiff could perform in the national economy because the testimony was premised on hypotheticals involving a person who would not be off-task more than 15 percent of the time and would not be absent more than once a month, even though there was no substantial evidence supporting a conclusion that Plaintiff could be on-task at least 85 percent of the time and could limit her absences to one per month or fewer. *See, e.g.*, *Pardee v. Astrue*, 631 F. Supp. 2d 200, 211 (N.D.N.Y. 2009) ("If a hypothetical question does not include all of a claimant's impairments, limitations and restrictions, or is otherwise inadequate, a vocational expert's response cannot constitute substantial evidence to support a conclusion of no disability."); *Sanchez v. Barnhart*, 329 F. Supp. 2d 445, 449

(S.D.N.Y. 2004) (explaining that an ALJ's hypothetical questions to the VE must "reflect the full extent of the claimant's capabilities and impairments"); *see also Matos v. Comm'r of Soc. Sec.*, No. 20-CV-10686 (GBD) (JW), 2022 WL 3084512, at *8 (S.D.N.Y. June 16, 2022) (directing the ALJ to "address the interplay between: (1) the limitations concerning absenteeism, tardiness and being off-task identified by the vocational expert that would preclude employment; and (2) moderate limitations found by [the doctor]"), *adopted by* 2022 WL 3084404 (Aug. 3, 2022).

## CONCLUSION

Accordingly, Plaintiff's motion for judgment on the pleadings is **GRANTED**; and the case is **REMANDED** for further proceedings. The ALJ is directed to (1) develop the record as to likely time off-task, need for redirection, and absenteeism, preferably from a treating source; and (2) reassess the corresponding availability of suitable jobs that exist in significant numbers in the national economy with a VE, particularly in light of any new evidence about the likely time off-task, need for redirection, and absenteeism.

The Clerk of Court is respectfully requested to (1) replace the Commissioner of Social Security with Frank J. Bisignano as the named Defendant in this action, (2) terminate ECF 14, (3) enter judgment remanding this case to the Social Security Administration for further proceedings, and (4) close this case.

Dated: September 8, 2026
New York, New York

So Ordered.

______________________________
**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**